USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED 9/5/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
EUGENE C. SMITH,   :

               Petitioner,   :

         -against-   :   **REPORT AND RECOMMENDATION**

WARDEN, THE STATE OF NEW YORK,   :   16-CV-6801 (WHP) (KNF)

               Respondent.   :
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE WILLIAM H. PAULEY III, UNITED STATES DISTRICT JUDGE

## INTRODUCTION

Eugene C. Smith ("Smith"), proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction for first-degree burglary, second-degree burglary and second-degree criminal possession of a weapon and his sentence, as a persistent violent felony offender, of 20 years to life imprisonment for each burglary conviction and 16 years to life imprisonment for the criminal possession of a weapon conviction, all to run concurrently. Smith asserts: (1) he "was denied his Due Process and Constitutional Rights to a Fair Trial" when the prosecutor "elicited testimony that [Smith] was on Parole" and "Curative instructions are Inadequate to Remedy Reference to such an unmistakable Badge of Criminal Character"; (2) "the Integrity of the Grand Jury was violated"; (3) "alleged D.N.A. Evidence was presented and fabricated of a Crime on July 21, 2009"; (4) he was searched and seized illegally; (5) pretrial hearings were "erroneously conducted and decided"; and (6) the trial court erred when it denied Smith's request for a mistrial. The respondent opposes the petition.

1

## PETITIONER'S CONTENTIONS

Smith contends that his rights to due process and a fair trial were violated and the trial court erred when it denied his mistrial motion after a prosecution witness, Lieutenant Patrick Brown ("Brown"), testified, at Smith's trial, that a detective "conferred with Parole" while attempting to locate and arrest Smith. Brown testified that he supervised Detective Keith Jacobs ("Jacobs") while Jacobs investigated the July 21, 2009 burglary. The prosecutor asked Brown whether Jacobs received an investigatory lead with respect to the 2009 burglary and Brown replied "Yes." The following ensued:

> Q. Did you or Detective Jacobs attempt to make an arrest of [petitioner] once his identity was learned?
> A. Yes.
> Q. What sort of attempts were made?
> A. I have to look at my DD-5's and give you the dates and the locations . . . Well, they have Detective Jacobs conferred with Parole on January 6th 2010, and - -
> [DEFENSE COUNSEL]: Your Honor, may we step up just briefly.

The court held a discussion with the parties out of the jury's presence, after which the court instructed the jury: "Ladies and Gentlemen, the portion of the answer that you heard which indicated that the detective conferred with parole is stricken. I conferred with parole is out of the case. Disregard it. It didn't happen. Not that it didn't happen or it did, but it's not evidence in the case." After the jury left for the day, defense counsel made a motion for a mistrial, which was denied.

On appeal, Smith made the following claims: "Appellant's right to a fair trial was violated when the prosecution elicited testimony that appellant was on parole; curative instructions are inadequate to remedy references to such an unmistakable badge of criminal character." More specifically, Smith asserted that: (i) "Brown's testimony about conferring with 'Parole' destroyed [Smith's] right not to be tried on his character"; and (ii) "the trial court erred

2

in denying defense counsel's request for a mistrial." The New York State Supreme Court, Appellate Division, First Department, affirmed the judgment of conviction finding: "The court properly exercised its discretion in denying defendant's mistrial motion made after a police witness made an inadvertent, fleeting reference that implied defendant's parole status. The Court's prompt and thorough curative instructions were sufficient to prevent any prejudice. In any event, any error was harmless." People v. Smith, 136 A.D.3d 603, 25 N.Y.S.3d 603 (App. Div. 1st Dep't 2016) (citations omitted). In addition to the claims he asserted on appeal, Smith also asserts that: (a) his "suppression hearing was improperly conducted and erroneously decided"; (b) "the Integrity of the Grand Jury was violated"; (c) "alleged D.N.A. Evidence was presented and fabricated of a Crime on July 21, 2009"; and (d) he was searched and seized illegally.

## RESPONDENT'S CONTENTIONS

The respondent contends that the state court's rejection of Smith's claim regarding inadvertently presented uncharged crimes was not contrary to or an unreasonable application of Supreme Court precedent, and it did not contain an unreasonable determination of the facts. According to the respondent, the trial court followed an inadmissible statement with a curative instruction, and courts must assume that a jury will follow an instruction to disregard inadmissible evidence. In addition, Smith "failed to show that it was overwhelmingly probable that the jury would be unable to follow the straightforward, immediate instruction, or that the implication of his parole status would be devastating." Moreover, the evidence of Smith's guilt was overwhelming. The respondent asserts that the remaining claims made by Smith are unexhausted and procedurally barred, and Smith "failed to allege either cause or prejudice or that

a fundamental miscarriage of justice would occur from the failure to entertain his many unexhausted claims." Alternatively, the remaining claims are without merit.

## LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim — (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). AEDPA requires a petitioner to exhaust all remedies available in the state courts. See 28 U.S.C. § 2254(b)(1)(A). When a claim has not been presented to a state court for adjudication, a federal court reviewing a habeas corpus petition may deem the claim exhausted "if it is clear that the unexhausted claim is procedurally barred by state law and, as such, its presentation in the state forum would be futile." Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2001). A procedurally defaulted claim may be reviewed by a federal court only if the petitioner shows "cause for the default and prejudice, or demonstrate[s] that failure to consider the claim will result in a miscarriage of justice (i.e., the petitioner is actually innocent)." Id. To establish cause for a procedural default, a petitioner must demonstrate that "some objective factor external to the defense impeded counsel's efforts to

4

comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645 (1986).

## APPLICATION OF LEGAL STANDARD

### *Exhausted Claims*

Smith's claims that his rights to due process and a fair trial were violated, by Brown's testimony about conferring with "Parole" and the court's denial of his motion for a mistrial, are exhausted. Jurors are presumed to "follow their instructions." Richardson v. Marsh, 481 U.S. 200, 206, 107 S. Ct. 1702, 1707 (1987). A jury is presumed to "follow an instruction to disregard inadmissible evidence inadvertently presented to it, unless there is an 'overwhelming probability' that the jury will be unable to follow the court's instructions, and a strong likelihood that the effect of the evidence would be 'devastating' to the defendant." Greer v. Miller, 483 U.S. 756, 766 n.8, 107 S. Ct. 3102, 3109 n.8 (1987) (citations omitted).

The state court's decision, finding that: (1) the trial court exercised properly its discretion in denying Smith's mistrial motion based on Brown's "inadvertent, fleeting reference that implied [Smith's] parole status"; and (2) "the court's prompt and thorough curative instructions were sufficient to prevent any prejudice," was not contrary to or an unreasonable application of clearly established federal law. Smith failed to show that an exception to the general presumption that jurors are presumed to follow their instructions applies in the circumstance of his case based on the state-court record. Accordingly, granting relief based on Smith's exhausted claims is not warranted.

### *Unexhausted Claims*

Smith failed to exhaust the remaining claims in his petition. Given that Smith's unexhausted claims are based on facts that appear on the record and were not raised on direct

5

appeal, they would be procedurally barred by state law and raising them in the state court at this time would be futile. See CPL § 440.10(2)(c). Thus, the unexhausted claims may be deemed exhausted. See Aparicio, 269 F.3d at 90. Smith's procedurally defaulted claims may be reviewed by a federal court only if Smith shows cause for the default and prejudice resulting from the failure to review them, or demonstrates that he is actually innocent. See id. Smith does not contend that is he actually innocent, and he failed to establish that some objective factor external to the defense impeded his counsel's efforts to comply with the state's procedural rule. See Murray, 477 U.S. at 488, 106 S. Ct. at 2645. Accordingly, Smith's remaining claims cannot be reviewed in this proceeding.

## RECOMMENDATION

For the foregoing reasons, I recommend that the petition be denied.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable William H. Pauley III, 500 Pearl Street, Room 1920, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Pauley. *Failure to file objections within fourteen (14) days will result in a waiver of objections and will*

*preclude appellate review.* See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York
       September 5, 2017

Respectfully submitted,

Copy mailed to:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Eugene Smith