UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
EUGENE C. SMITH,                                :
                                                :
              Petitioner,                :
                                                :      16cv6801
             -against-                 :
                                                :      MEMORANDUM & ORDER
WARDEN THE STATE OF NEW YORK,    :
                                                :
             Respondent.                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
WILLIAM H. PAULEY III, District Judge:

          Petitioner pro se Eugene C. Smith brings this habeas petition pursuant to 28 U.S.C. § 2254 to vacate his 2013 convictions for burglary and criminal possession of a weapon. In September 2016, this Court referred this matter to Magistrate Judge Kevin Nathaniel Fox for a Report and Recommendation ("Report"). Magistrate Judge Fox issued his Report on September 5, 2017, recommending that this Court deny Smith's petition. Smith filed objections to the Report. For the following reasons, this Court adopts the Report and denies Smith's petition.

BACKGROUND

          In March 2010, a Bronx County grand jury indicted Smith on burglary, assault, and firearms related offenses. (Declaration in Opposition to Petition for Writ of Habeas Corpus ("Decl."), ECF No. 18, Ex. 1A at 7–18.) Smith proceeded to trial in April 2013. During trial, a police lieutenant testified that in trying to locate and arrest Smith, a detective had "conferred with parole." (Decl. Ex. 1B at 91.) Smith's counsel objected and requested a mistrial. (Decl. Ex 2 at 18.) The trial court denied that request and promptly instructed the jury to ignore the detective's comment. (Decl. Ex. 1B at 91.) The jury found Smith guilty of first-degree burglary, second-degree burglary, and second-degree criminal possession of a weapon. (Decl. Ex. 1A at

27–29.) Following Smith's conviction, the trial court denied his motion to set aside the verdict, Decl. Ex. 1B at 84–95, and sentenced him to indeterminate terms of twenty years to life imprisonment for each burglary conviction, and an indeterminate term of sixteen years to life imprisonment for the possession charge, all to run concurrently. (Sentencing Tr. 13–14.)

Smith appealed to the Appellate Division, First Department, arguing that the detective's comment violated his right to a fair trial. (Decl. Ex. 2.) The First Department affirmed Smith's conviction, holding that the trial court properly exercised its discretion in denying a mistrial and issuing "prompt and thorough curative instructions [to the jury]." People v. Smith, 25 N.Y.S.3d 603, 603 (N.Y. App. Div. 2016). The New York Court of Appeals denied leave to appeal. People v. Smith, 27 N.Y.3d 1075 (N.Y. 2016).

In August 2016, Smith filed his habeas petition, raising the following claims: (1) the trial court should have granted a mistrial because the jury instruction regarding the police lieutenant's comment was insufficient; (2) the integrity of the grand jury was violated; (3) D.N.A. evidence against him was fabricated; (4) the police searched and seized him illegally; and (5) the trial court wrongly decided pretrial motions.

## DISCUSSION

I.  Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). This Court reviews de novo those parts of the Report to which objections are made and reviews the remainder for clear error on the face of the record. 28 U.S.C. § 636(b)(1); Nelson v. Smith, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985). When a habeas petitioner makes only generalized or conclusory

objections, or simply reiterates his original arguments, courts review a magistrate judge's report for clear error. Barratt v. Joie, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002).

II. The Report

Magistrate Judge Fox's Report found that all claims regarding the lieutenant's parole comment were barred because that issue had been decided on direct appeal in a manner neither contrary to established federal law nor unreasonable light of the evidence. See 28 U.S.C. § 2254(d). The Report also found that Smith procedurally defaulted on his remaining claims by not raising them on direct appeal. See Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2001) (a federal court may find there is an absence of state corrective process if it is clear that an unexhausted claim is procedurally barred by state law.) Finally, the Report determined that Smith had not demonstrated cause for his failure to raise these claims previously, and had not alleged actual innocence.

III. Smith's Objections

Smith asserts three major objections to the Report. First, he asks for leniency regarding any procedural errors because he is a "layperson in matters of law." (Objections to Report ("Objections"), ECF No. 22 at 2.) Second, he asserts that he does not know why his appellate counsel raised only one argument on direct appeal. (Objections at 3.) Third, Smith contends that all issues raised in his habeas petition were preserved and exhausted in State Court. (Objections at 4.)

Smith's generalized objections do not warrant departing from Magistrate Judge Fox's well-reasoned Report. First, as Smith is proceeding pro se, this Court already holds his pleadings to a less rigorous standard. See Dorsey v. Kelly, 112 F.3d 50, 52 (2d Cir. 1997). This

does not relieve Smith of the procedural defects described in the Report. Second, to the extent Smith faults his counsel for not raising other claims on direct appeal, he does not advance a claim for ineffective assistance of counsel. And even if he did, "[f]ailure to raise an issue in a brief rarely constitutes ineffective assistance of counsel." Abdur-Rahman v. United States, 2016 WL 1599491, at *2 (S.D.N.Y. Apr. 19, 2016) (citing Jones v. Barnes, 463 U.S. 745, 752–54 (1983)). Finally, Smith's claim that all arguments in his habeas petition were asserted previously ignores the single ground raised in Smith's direct appeal concerning the trial court's limiting instruction. (Decl. Ex. 2.) Therefore, Smith has failed to exhaust his other claims and offers no good cause for that failure. See Murray v. Carrier, 477 U.S. 478, 488 (1986).

## CONCLUSION

For the foregoing reasons, this Court adopts Magistrate Judge Fox's well-reasoned Report and denies Smith's Objections. Accordingly, Smith's habeas petition is denied. Because Smith has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. See 28 U.S.C. § 2253(c). This Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of the Court is directed to terminate all pending motions, mark this case as closed, and mail a copy of this Order to Smith.

Dated: October 24, 2017
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.